38457.   SMITH v. CASTLE.

Decided October 25, 1960—Rehearing denied
November 23, 1960.

O. *Lee White*, for plaintiff in error.

J. *Norwood Jones, Jr.*, *Maymie N. Jones*, contra.

FELTON, Chief Judge. ■ The demurrers to Exhibits "A" and "B", the contract of purchase and sale and the rental agreement, that they are irrelevant, immaterial and prejudicial for stated reasons are without merit. Both contracts are necessary adjuncts to the petition and are essential to the action. Failure to attach the contracts to the petition would have been fatal. *Red Line Products Co. v. J. M. High Co.*, 53 Ga. App. 531 (186 S. E. 296), and cit. "Copies of contracts, obligations to pay, or other writings should be incorporated in or attached to the petition in all cases in which they constitute the cause of action, or the relief prayed for must be based thereon." *Code* § 81-105. Although Exhibit "B" is the basis of the plaintiff's action its existence and relevance stem from Exhibit "A".

■ The defendant's demurrer to Exhibit "C" is without merit in that Exhibit "C" supports the allegations to the plaintiff's petition and there appears to be no variance between it and the allegations.

■ The court correctly overruled the demurrers to paragraphs 5, 6, 7, 8 and 9 for each of these paragraphs plainly and distinctly sets out the plaintiff's cause of action and is not superfluous, improper, unnecessary or defective in any other particular. *Pilgreen v. Hanson*, 89 Ga. App. 703 (2) (81 S. E. 2d 18).

■ The petition sets forth a cause of action. It is alleged that a rental contract exists between the parties; that the de-

fendant is occupying and has occupied the subject house for a period of time; that demand has been made and that he has refused to pay rent; and that rent is now due and owing. Although the defendant may have been entitled to bring an action for breach of contract he cannot maintain any right to continue living in the house rent free. The general demurrer was properly overruled.

■ There is no merit in the contention that the damages are "excessive," the amount of the verdict arrived at being rent for 16 months, from October 22, 1958, to March 22, 1959, @ $70 per month. The $300 earnest money becomes important only upon the execution or failure to execute a deed to the premises. Thus it was to become part of the purchase price when the transaction was complete or forfeited or returned under certain conditions if the transaction was not completed. Nowhere can it be read into these contracts that the $300 would be applied as rent if the sale contract terminated.

■ It was not only proper for the judge to make the statement made but it is the duty of the trial judge to inform the jury what the issues are and "where a particular fact is established by uncontradicted evidence, it is not error for the judge to assume or intimate that the fact has been proved." *Dexter Banking Co. v. McCook*, 7 Ga. App. 436 (67 S. E. 113).

■ We feel that the portion of the charge to which exception is taken was proper when examined in the light of the brief of evidence and the remainder of the charge. This charge is exceptionally fair to the defendant, for under it the jury could have determined that the plaintiff prevented consummation of the purchase and sale contract, in which event, the defendant would have owed the plaintiff nothing under the ancillary contract. The plaintiff in error makes special mention of the court's statement, "Under the cross-bill filed by the defendant, he could not recover the earnest money alleged to have been pledged with the broker." We think the court is correct in this, for the disposition of the $300 is controlled by the purchase-and-sale contract in which a third party, the broker, has a contractual interest and which is not the subject of this action. Where several excerpts from the charge of the court are complained of in a mo-

tion for a new trial, and some of the detached fragments of the charge, if treated alone, may be subject to slight criticism, when considered in the light of the charge as a whole and the facts of the case, none of them disclose reversible error, such an assignment of error is without merit. *Foster v. Burnley,* 56 Ga. App. 202 (192 S. E. 389).

As to the alteration of the contract, it was not material in the sense that it materially altered the responsibilities and rights of the parties.

The court did not err in overruling the demurrers and the motion for a new trial .

*Judgment affirmed. Nichols and Bell, JJ., concur.*