### 42469. LAWHORN v. LAWHORN et al.

ARGUED JANUARY 9, 1967—DECIDED JANUARY 25, 1967—
REHEARING DENIED FEBRUARY 13, 1967.

*Seymour S. Owens*, for appellant.

*Perry, Walters, Langstaff & Lippitt, Robert B. Langstaff*, for appellees.

DEEN, Judge.  ■  The court erred in instructing the jury that, should they determine Mrs. Lawhorn exercised ordinary care under the circumstances when "confronted with a sudden emergency caused by the brake failure, and if such brake failure was not due to any condition which she had prior knowledge or notice of, then you would have to return a verdict in *favor of both defendants*." The allegations of negligence referred to by the court in this part of the charge referred only to acts of the operator after the brakes failed, and this instruction eliminated from jury consideration negligence alleged against the owner in knowingly maintaining a family purpose vehicle with defective brakes. "When the court gives in charge to the jury an erroneous instruction tending to mislead them as to the law on a material issue in the case, the fact that a different and correct instruction as to the same matter is given in another part of the charge will not nullify or cure the error." *Central of Ga. R. Co. v. Deas*, 22 Ga. App. 425 (3) (96 SE 267). There was evidence in the case showing that the owner knew the brakes had been giving trouble over a period of months; that brake fluid was kept both in the garage and in the car itself so that it might be added by the Lawhorns from time to time, and that the vehicle had been taken by a garage approximately two weeks before the trip for the addition of brake fluid and the defendants had planned to bring it back for repairs. The evidence does not demand a finding that if the jury reached a conclusion that Mrs. Lawhorn was not aware of the condition leading to the brake failure her husband, the owner of the vehicle, would also necessarily be unaware of it.

■  The court further instructed the jury: "It is for you to decide, under the rules of law that I have given you in charge, whether or not the defendant, Mrs. Josephine Lawhorn, acted as an ordinarily prudent person would have acted *under similar circumstances of sudden and unexpected brake failure. . .*" and again: "If you find that the injuries which the plaintiff now complains of were caused by *this sudden and unexplained brake failure. . .*" Since the primary contention in the case was that the defendants had knowledge of the defective condition of the brakes and should therefore have

anticipated that a complete brake failure was imminent, the language used might have tended to confuse the jury into believing that it had been proved that the brake failure was not only sudden but also unexpected and unexplained. Since the case is being reversed on another ground, we need not decide whether the language complained of amounts to an expression of opinion to this effect under *Code* § 81-1104. Cf. *Alabama Great Southern R. Co. v. McBryar*, 67 Ga. App. 509 (2) (21 SE2d 173). The language, used as it was in connection with instructions on emergency, might well be understood to mean that the plaintiff had not carried the burden of proving that the brake failure was attributable to the negligence of the defendants.

The remaining enumerations of error are without merit.

*Judgment reversed. Frankum, P. J., and Quillian, J., concur.*