43444. GATES v. SOUTHERN RAILWAY COMPANY et al.

SUBMITTED FEBRUARY 6, 1968—DECIDED JULY 1, 1968—
REHEARING DENIED JULY 24, 1968.

202

*Adams & Henry, Q. Robert Henry,* for appellant.

*Bennet, Gilbert, Gilbert & Whittle, L. J. Bennet,* for appellees.

BELL, Presiding Judge. ■ After the appeal was docketed in this court defendants filed a motion to dismiss contending that plaintiff had failed to obtain an extension of time, pursuant to Section 6 of the Appellate Practice Act (Ga. L. 1965, pp. 18, 21; *Code Ann.* § 6-804), for filing the transcript of proceedings. An additional portion of the record having been transmitted to this court, showing that the time for filing the transcript was properly extended by order of the trial judge, the motion to dismiss the appeal is denied. In this connection see *D. G. Machinery &c. Co. v. Hardy,* 118 Ga. App. 45 (1) and the 1968 amendment to the Appellate Practice Act (Ga. L. 1968, p. 1072).

■ The trial court charged the jury: "I charge you, members of the jury, that if you find that it was so dark and foggy or rainy that Mr. Gates could not see in front of his automobile for any appreciable distance, or could not see a crossing watchman, equipped with a red lantern, a red reflecting stop sign and a reflectable vest trying to wave him to a stop, you should take that, along with the speed at which he was driving, along with

all of the other evidence, into consideration in determining whether or not he was in the exercise of ordinary care." The evidence was in conflict as to whether the watchman was present in the crossing and signaling to plaintiff. Yet this charge assumed as a fact that in the crossing there was a "watchman, equipped with a red lantern, a red reflecting stop sign and a reflectable vest trying to wave him [plaintiff] to a stop." While the objectionable feature of the charge was embraced in a hypothetical statement of fact, this part of the hypothesis was not left to the jury's determination but was expressed by the court as an established fact. The trial court erred in intimating an opinion as to what had been proved. *Code* § 81-1104; e.g., *Brantley v. Davis,* 143 Ga. 73 (5) (84 SE 434). As the requested charge in *Pollard v. Roberson,* 61 Ga. App. 465, 466 (6 SE2d 203) did not include in its hypothesis an expression of established fact, that case, cited by defendants, is not applicable here.

■ (a) One of plaintiff's objections to the charge was that in the giving of defendants' numerous and repetitious requested charges the charge as a whole unduly stressed defendants' contentions. While it is true that numerous unnecessary and redundant requests were submitted by the defendants and charged by the court, we do not choose to compound the redundancy by a prolonged discussion and dissection of the charge which can serve no useful purpose. For the benefit of the court on retrial of the case we do suggest that since *Code* § 70-207 has been specifically repealed by the Appellate Practice Act (Ga. L. 1965, pp. 18, 39) and replaced by Sec. 17 of that Act (Ga. L. 1965, pp. 18, 31, as amended; *Code Ann.* § 70-207) it will not be error to refuse to give a requested charge where the substance of the request is covered in the general instructions given. See *Carnes v. State,* 115 Ga. App. 387, 393 (154 SE2d 781); *Continental Cas. Co. v. Wilson-Avery, Inc.,* 115 Ga. App. 793, 798 (156 SE2d 152); *Shelton v. Rose,* 116 Ga. App. 37, 40 (156 SE2d 659); *McBerry v. Ivie,* 116 Ga. App. 808, 813 (159 SE2d 108). Care must be exercised to see that requested charges on the same point will not subject the court's charge to the criticism that it is unduly repetitious; the fact that one party happened to request the

repetitious charges will not immunize the charge from criticism. *Atlantic C. L. R. Co. v. Marshall,* 93 Ga. App. 134, 136 (91 SE2d 96). It is the trial court's duty to see that the charge is fair in any and all events. But in carrying out that duty trial judges should bear in mind that these days error is more likely to exist in a too liberal giving of redundant requests than from the exercising of a restrictive discretion in charging them. A requested charge should be given only where it embraces a correct and complete principle of law which has not been included in the general instructions given and where the request is pertinent and adjusted to the facts of the case.

(b) The court charged: "The precise thing which every man is bound to do before crossing a railroad track is that which every prudent man would do under similar circumstances. If prudent men would look and listen, under the circumstances existing in this case, then the plaintiff in this case should have looked and listened. . ." It is a close question whether this charge, when considered in connection with other parts of the charge mentioned in this division of the opinion, had the effect of telling the jury that plaintiff's failure to look and listen would amount to contributory negligence. A trial judge may not tell a jury what acts would or would not constitute negligence unless the acts have been declared by statute to be negligent. *Savannah F. & W. R. Co. v. Evans,* 115 Ga. 315, 316 (41 SE 631, 90 ASR 116); *Atlanta & W. P. R. Co. v. Hudson,* 123 Ga. 108, 109 (51 SE 29); *Watson v. Riggs,* 79 Ga. App. 784, 785 (54 SE2d 323). It would have been better practice to charge fully the general law on the applicable standard of care without suggesting particular acts which might have been required of plaintiff to conform with that standard. As this charge is not likely to recur on a retrial of the case, we do not decide whether it was harmful in the context in which it was given.

■ The court charged: "If you find in this case that the plaintiff is entitled to recover from the defendants, the form of your verdict would be: We, the jury, find for the plaintiff in the sum of_____dollars, naming the amount. If you find that the plaintiff is not entitled to recover, the form of your verdict would be: We, the jury, find for the defendant . . . for the de-

fendants." Plaintiff contends the court erred in failing to give a form of verdict in the event the jury should find for plaintiff against only one defendant. Note that plaintiff alleged against Southern Railway alone certain acts of negligence in addition to those alleged against all three defendants. We think the court erred in this respect. In this connection see *Lawhorn v. Lawhorn,* 115 Ga. App. 197, 198 (1) (154 SE2d 284). However, we need not determine whether this failure to charge, considered in connection with the charge given, had the harmful effect of precluding a verdict for plaintiff if the jury should find that plaintiff's injury was due to the negligence of only one defendant. No doubt, the omission will be corrected on retrial of the case.

■  The first ground of error enumerated is without merit.

■  The second, fourth, fifth and sixth grounds of the enumeration complain of errors in the court's charge as to which plaintiff failed to object as required by Section 17 (a) of the Appellate Practice Act, supra (*Code Ann.* § 70-207 (a)). These grounds are without merit. *Ga. Power Co. v. Maddox,* 113 Ga. App. 642, 647 (149 SE2d 393); *Palmer v. Stevens,* 115 Ga. App. 398 (14, 17) (154 SE2d 803).

> *Judgment reversed. Hall and Quillian, JJ., concur.*

ARGUED JUNE 4, 1968—DECIDED JULY 16, 1968— REHEARING DENIED JULY 24, 1968.