48239, 48240. MOORE et al. v. GREEN (two cases).

Deen, Judge. Carolyn Green, driving her co-plaintiff husband's automobile, was hit from the rear by the defendant's truck while stopping in a line of traffic on an interstate highway. The cases, consolidated for trial, resulted in verdicts for the plaintiffs. *Held:*

1. The plaintiff suffered back pain as a result of the collision. A corset prescribed for her was introduced in evidence, erroneously as the defendants contend, because the corset encircled the lower part of her back and some of the expert evidence indicated that the accident-induced trauma was confined to the upper and middle portions. The plaintiff's own testimony was sufficiently broad to connect this area of the spine with pain coincident with the injuries received, allowing some marginal relevance to the exhibit.

2. It is contended that the court's charge on elements of pain and

suffering sought by Mrs. Green, including permanent injury, impairment of ability to work and labor, and mental suffering, were repetitive and redundant, unduly emphasized her claim for pain and suffering, and were not authorized by the evidence. The plaintiff testified to substantial pain and disability at the trial, which took place almost three years after the injury, and the medical testimony indicated that it was likely to extend an undetermined distance into the future. It was held in *Southern R. Co. v. Petway,* 7 Ga. App. 659 (67 SE 886) that where the plaintiff, at the time of trial, still suffered from injuries received three years previously, the question of permanency was for the jury. As to the form of the instructions, it is true that the court gave a general charge on the question of the elements of the plaintiff's pain and suffering, about a page in length in the record, and later on gave what appear to have been requested instructions on the same subject matter about two pages in length, and that this was to a large extent repetitive. "It is the trial court's duty to see that the charge is fair in any and all events. But in carrying out that duty trial judges should bear in mind that these days error is more likely to exist in a too liberal giving of redundant requests than from the exercising of a restrictive discretion in charging them. A requested charge should be given only where it embraces a correct and complete principle of law which has not been included in the general instructions given and where the request is pertinent and adjusted to the facts of the case." *Gates v. Southern R. Co.,* 118 Ga. App. 201, 204 (162 SE2d 893). But to determine whether the error is prejudicial so as to result in reversal, the whole charge must be examined. *Smith v. Castle,* 102 Ga. App. 737, 742 (117 SE2d 623). The instructions attacked were correct and not argumentative in character. Combined, they occupy some three pages of a lengthy charge to the jury totaling 28 pages. Although it would have been better not to repeat these rules of law, we do not believe the defendants could have been prejudiced thereby.

3. The plaintiff Jack Green originally sued for a total of $11,912, of which $1,912 was special damages and $10,000 was for loss of consortium. He later amended by increasing one item of special damages and changing the total to $12,032, the correct arithmetical addition rounded off in dollars. The jury returned a verdict of $2,032, which strongly suggests that it intended to award this plaintiff the amount he claimed in this amendment as special damages with no allowance for loss of consortium. We

are aware that the total figure on special damages is itself somewhat inaccurate, in view of the pretrial order and previous amendment, but the point is that the jury strongly indicated it was paying the plaintiff nothing for loss of consortium. We will accordingly not consider alleged error in charging inadequately on this possible item of recovery where no objection was made in the trial court to the instructions as given. *Gaines v. City of Gainesville*, 115 Ga. App. 220 (154 SE2d 280); *Metropolitan Transit System v. Barnette*, 115 Ga. App. 17 (153 SE2d 656).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED MAY 29, 1973 — DECIDED JUNE 20, 1973.

*William P. Whelchel, McClure, Ramsay & Struble, Robert B. Struble,* for appellants.

*Gross, Stowe & Shepherd, Millard B. Shepherd, Jr.,* for appellees.