## 49073. HALEY v. KINNEY et al.

CLARK, Judge.

This is a companion case to *Bennett v. Haley,* 132 Ga. App. 512. The facts are recited in that opinion. As there

shown this suit was instituted by Haley, a pedestrian, for damages which he claimed were proximately caused by the joint and several acts of negligence of two motorist defendants. The jury returned two verdicts. One was for the plaintiff in the amount of $37,500 against Bennett, which we affirmed in the companion appeal. The other verdict was for the co-defendant Kinney.

1. In this appeal by the plaintiff in his brief designated "Supplemental and Amendatory Brief on Behalf of Appellant," he states his position to be: "Junior Haley contends that this is a direct appeal and that he is entitled, under applicable Georgia law, to obtain a reversal of said judgment insofar as it discharges defendant John Kinney from liability to Junior Haley, and said Haley further contends that he is entitled to retain the benefit of said judgment insofar as same adjudges that he recover $37,500 together with interest and costs, from defendant James R. Bennett. However, if such be impermissible under Georgia law and Haley contends that such is not impermissible under Georgia law, then a new trial would be granted as against both defendants." As consideration of the enumerations of error have led to the conclusion the trial court did not err in any of the specifications urged by appellant we do not undertake to decide these questions presented by the amendatory and supplemental brief.

2. Enumeration of error No. 1 contends the court erred in charging the law on accident. The facts here warranted the court's charge on accident. *Trammell v. Williams,* 97 Ga. App. 31 (2) (101 SE2d 887); *Brewer v. Gittings,* 102 Ga. App. 367, 368 (6) (116 SE2d 500); *Ware v. Alston,* 112 Ga. App. 627, 631 (2) (145 SE2d 721); *Kirkland v. Moore,* 128 Ga. App. 34 (195 SE2d 667). See also *Baggett v. Jackson,* 79 Ga. App. 460 (1) (54 SE2d 146).

3. The second and third enumerations of error argue the court erred in charging the jury on the principles of comparative and equal negligence. Under the facts of the case at bar the charge was proper. *Jackson v. Miles,* 126 Ga. App. 320, 321 (190 SE2d 565).

4. Enumerations 4, 5, 6, 7, 8, 9, 10, and 11 contend the trial court erred in failing to give certain requested charges. Examination of these requests to charge shows

that they were basically either argumentative in nature or the legal principles were adequately covered by the court's general charge on negligence. "There is no longer any requirement that a court give the exact language of a requested instruction, even if it be correct and applicable. [Cit.]" *American Home Assur. Co. v. Stephens,* 121 Ga. App. 306, 309 (174 SE2d 186). In *Moore v. Green,* 129 Ga. App. 268, 269 (199 SE2d 317) this court quoted with approval from *Gates v. Southern R. Co.,* 118 Ga. App. 201, 204 (162 SE2d 893): " 'A requested charge should be given only where it embraces a correct and complete principle of law which has not been included in the general instructions given and where the request is pertinent and adjusted to the facts of the case.' "

5. The final enumeration of error deals with an alleged error in the denial of a motion for mistrial and the renewal thereafter based upon the manner in which the trial court handled the matter. When co-defendant Kinney was placed upon the witness stand, his counsel asked "Is your wife going into the hospital in the morning?" Upon defendant giving an affirmative answer plaintiff's counsel objected and the jury was removed from the courtroom. The subsequent colloquy disclosed the basis for the objectionable question to have been the anticipated absence from the courtroom of this defendant on the following day because of his wife having surgery. Counsel for all parties then discussed with the court their views on how this situation should be handled so that the objectionable question and answer would not result in creating an unfair sympathy situation for the defendant Kinney. The result was the court stating his intention to deny the mistrial motion and that he would rule the question be stricken. He also stated that the court would make an explanation to the jurors upon their return to the courtroom. Upon the jurors being returned to the courtroom the trial judge explained that "The question was improper. The question should not have been asked of this witness at this stage of this trial. You will disregard the question and any implications that may be drawn from the question, wipe them out of your minds, and Mr. Blasingame is admonished for having raised that matter at this point." (T. 341). Plaintiffs' counsel then

renewed the mistrial motion with the added comment that "Those things that were just stated to the jury just makes the error that much greater." The renewed motion was overruled and the attorney who had asked the objectionable question expressly stated "My apologies to the court, counsel and the jury."

"Whether or not the court should grant a mistrial on motion of the opposite party depends largely on the circumstances of the case, but the judge in passing on the objections has a broad discretion which will not be disturbed unless manifestly abused. [Cits.]" *Central Container Corp. v. Westbrook,* 105 Ga. App. 855, 859 (126 SE2d 264). See also *Salmon v. Salmon,* 223 Ga. 129 (1) (153 SE2d 719), where it is stated that "The granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with. [Cits.]"

There was no error in the manner in which the court below handled this situation as there was no manifest abuse of discretion and no impediment to a fair trial.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED FEBRUARY 5, 1974 — DECIDED JUNE 18, 1974 — REHEARING DENIED JULY 17 AND JULY 31, 1974 — ■■■

*William O. Carter, Jim Hudson,* for appellant.
*Erwin, Epting, Gibson & Chilivis, Gary B. Blasingame, E. Freeman Leverett,* for appellees.