## 29594. BRUMBY v. BROOKS.

INGRAM, Justice.

This is an appeal from an order of the Murray County Superior Court dismissing the affidavit of illegality of the

defendant in fi. fa., Richard Brumby, to a tax levy of the state after a jury trial which resulted in a verdict sustaining the levy. We order a new trial for the reasons given in Division III of this opinion, but otherwise affirm the rulings of the trial court.

The case arose from the efforts of the Georgia Employment Security Agency of the Department of Labor (GESA) to collect unemployment compensation taxes which Ten-Tex Corporation had failed to pay during the years 1965 through 1968. Since Ten-Tex had no corporate assets in Georgia upon which levy could be made at the time of this suit, GESA invoked the provisions of Code Ann. § 54-650.2 and levied upon certain personal property of appellant, Richard Brumby, who had been president of Ten-Tex at the time the taxes had become due.

The pertinent provision of Code Ann. § 54-650.2 is as follows: "All contributions, or taxes, under this Chapter are hereby made a personal debt of the person required hereunder to file the returns or to pay the taxes imposed hereby."

Appellant Brumby filed an affidavit of illegality challenging the constitutionality of § 54-650.2 on the grounds that it was vague and violative of due process. Appellant also alleged that, if the statute were constitutional, he was not liable for the taxes because he was not the officer of the corporation who was responsible for paying the unemployment compensation taxes.

After a pre-trial hearing on the constitutional issue, the trial court entered an order holding that the statute met due process standards and is constitutional. The case then proceeded to trial before a jury on the sole issue of whether Richard Brumby is a person required by Code Ann. § 54-650.2 to pay taxes pursuant to the Employment Security Act on behalf of any or all entities doing business as Ten-Tex Corporation. It was stipulated by all parties prior to trial that Ten-Tex Corporation owes $6,814.29 as taxes pursuant to the Employment Security Act of Georgia.

The evidence adduced at trial was that in 1959, appellant and several other persons purchased Ten-Tex Corporation. Appellant served as president and chief operating officer of Ten-Tex from the time of purchase

until 1962 or 1963 when Leyghton-Paige, a Minnesota Corporation, acquired all of the stock of Ten-Tex. Despite the acquisition, appellant remained as president of Ten-Tex until 1968 and was elected to the board of directors of Leyghton-Paige. Appellant testified that although he was retained as president he did not have responsibility for managing the corporation. Instead, Leyghton-Paige sent Mr. David Wiggins to assume control of the operations of Ten-Tex in Chatsworth, Georgia. According to appellant, his only duty as president was to develop export sales of Ten-Tex's products, and for this purpose he located his office in Chattanooga, Tennessee. Appellant also testified that his only compensation as president was to be in the form of commissions on the foreign sales he secured. All of Ten-Tex's financial matters, including payment of the taxes at issue, appellant testified, were the responsibility of Mr. Wiggins.

Appellant further testified that until 1968 he was unaware that Ten-Tex had failed to pay the employment security taxes. At that time appellant sought to have Ten-Tex pay off certain loans appellant had made to the corporation and also sought to have Ten-Tex pay him past due commissions. When the payments were not forthcoming, appellant resigned as president of Ten-Tex and as a director of Leyghton-Paige and foreclosed on Ten-Tex's assets.

After the foreclosure in 1968 and until 1969, Curve-Ply, Inc., operated the Ten-Tex plant under the name Ten-Tex Company. Curve-Ply was formed by appellant in 1952 or 1962, and appellant is its sole shareholder. Since 1969, Murray Corporation has been operating the Ten-Tex plant under the name Ten-Tex Company. Murray Corporation owns no property but rents the plant and all its equipment from its president and sole shareholder, appellant.

Other evidence adduced at the trial was that Mr. Wiggins, who appellant claims was responsible for Ten-Tex's finances, was employed after 1968 by Curve-Ply and then by Murray Corporation. Also, certain checks were introduced into evidence which had been issued by Curve-Ply and Murray for payroll purposes and

for unemployment taxes after those corporations had assumed control of Ten-Tex's operations. These checks were drawn on the Leyghton-Paige account in the Kaw Valley Citizens Bank of Topeka, Kansas. This was the same Leyghton-Paige account upon which the Ten-Tex Corporation drew checks prior to appellant's foreclosing on the plant. Appellant admitted on cross examination that Murray Corporation still banks at the Kaw Valley Citizens Bank under the name of Leyghton-Paige Corporation.

The state contended that appellant, through manipulation of his various corporations, controlled Ten-Tex's financial affairs, and that Mr. Wiggins' association with all of appellant's corporations proved that Wiggins was merely the alter ego, or functionary, of appellant. The jury returned a verdict in favor of the state as the plaintiff in fi. fa. and the trial court entered an order dismissing the affidavit of illegality.

I.

Appellant first contends that Code Ann. § 54-650.2 violates the due process clauses of the Federal and Georgia Constitutions in that it is too vague, indefinite and uncertain to be enforceable. In particular, appellant argues that by referring to "the person required *hereunder* to file the returns or to pay the taxes," (emphasis supplied), § 54-650.2 contemplates another statute which imposes a duty upon a specific officer or agent of an employer to file the returns and pay the taxes. Appellant contends that since no such statute exists in the Employment Security Act, the person upon whom personal liability is imposed by § 54-650.2 is not adequately identified and the statute must fall. We disagree with this construction of the statute.

It is true that the Act does not contain a provision imposing the duty to file returns and pay the taxes upon a designated officer or employee of an employing unit. The Act imposes this duty on the employer, as defined by § 54-657 (f) and (g). See § 54-620 (1) (Payment of Contributions); § 54-632.1 (Filing Reports); and § 54-637 (Maintaining Records). However, it is clear that the "person" referred to in § 54-650.2 is not the employer because the Act contains other provisions which, in effect,

make the employer personally liable for the tax by prohibiting the employer from deducting the taxes, in whole or in part, from the wages of his employees (§ 54-620 (1); see also, § 54-651), and by providing for collection of the unpaid taxes from the employer. § 54-648. Thus, if the term "person" in § 54-650.2 is construed to mean the "employer," the statute would be redundant, a result which we do not believe was intended by the legislature.

A reasonable and logical construction of this statute is that the legislature intended that § 54-650.2 fix personal liability for the tax on the officer or employee of the employing unit who has the duty to see that the taxes are paid and who is, therefore, responsible for the employer's failure to pay the tax. This construction of the statute was adopted by the trial court in its pre-trial order upholding the constitutionality of the statute and we believe it is correct. Moreover, appellant concedes that this would be the proper interpretation of the statute if it is found to be constitutional by this court.

A federal statute, 26 USC § 6672, which imposes personal liability for unpaid income withholding and social security taxes upon "any person required to collect, truthfully account for, and pay over" such taxes and "who wilfully fails to collect such taxes or truthfully account for and pay over such tax," has been construed in a similar manner. The person liable under § 6672 is that person who possesses a significant control over which creditors of the business should or should not be paid. Genins v. United States, 489 F2d 95 (5th Cir. 1974); Liddon v. United States, 448 F2d 509, 512 (5th Cir. 1971); Dudley v. United States, 428 F2d 1196, 1201 (9th Cir. 1970); Pacific Nat. Ins. Co. v. United States, 422 F2d 26 (9th Cir. 1967). The federal statute is sufficiently similar in language and purpose to aid in construing the present Georgia statute.

Therefore, the question in any particular case, is whether the person or persons sought to be charged pursuant to § 54-650.2 exercised significant discretion and control over the disbursements made by the business in satisfaction of its debts. In any particular case this may be a question of fact. (See also, Ga. L. 1960, p. 210 (codified as Code Ann. §§ 92-3331b and 92-3451a) which imposes personal liability for certain unpaid taxes upon any

officer or employee of any corporation who has control or supervision of collecting those taxes.)

We move then to the bottom line question on this issue, and that is whether the language of § 54-650.2 is sufficiently certain and definite to inform a person of normal intelligence, in the class upon which the statute operates, of the meaning of the statute. See *Campbell v. J. D. Jewell, Inc.,* 221 Ga. 543, 547 (1) (145 SE2d 569) (1965). We think the statute meets this due process standard. The language is sufficient to place on notice of his potential liability the particular officer or employee of an employer who has the responsibility for filing the returns and paying the taxes for his employer. It is doubtful that the purpose of the statute could be accomplished by a more precise definition of the individual made personally liable because the individual responsible for filing the returns and paying the taxes may not hold the same office or have the same job in every corporation or employing unit. Therefore, we are of the opinion that the trial court properly construed § 54-650.2 at the pre-trial hearing and correctly upheld the statute against the constitutional attacks made on it in this case.

## II.

Appellant enumerates as error the denial of his motion for a directed verdict made at the close of all the evidence. The ruling of the trial court is error only if the evidence failed to disclose any material issue for jury resolution. *Humble Oil &c. Co. v. Mitchell,* 230 Ga. 323, 326 (197 SE2d 126) (1973); Code Ann. § 81A-150 (a). The transcript shows such an issue did exist and appellant's motion was correctly denied by the trial court. Appellant's various corporate maneuvers together with the fact of Mr. Wiggins' association with all of appellant's corporations was sufficient to raise an issue as to whether Mr. Wiggins was merely an assistant or functionary of appellant and whether appellant did, in fact, control the finances of Ten-Tex despite his assertions to the contrary.

## III.

Although the trial court correctly construed the statute in its order entered prior to trial, the jury was not given that construction of the statute at the later trial. After charging the jury with the pertinent language of §

54-650.2 the trial court instructed the jury that, "Now, in connection with the statutes which I have just read to you which states that all contributions are hereby made a personal debt of the person required hereunder to file the return or to pay the taxes imposed, I will also read to you certain other Code sections." The court then went on to recite from § 54-657 (f) and (b) (1) (B) (2), (3) and (4) which define "Employer" and "Employment Unit." Appellant contends that this charge constitutes reversible error under the facts of this case.

The jury could well infer from this instruction that the "person" made liable under § 54-650.2 was the "employer" as defined by § 54-657 (f) and (g). Indeed, this appears to have been the intent of the trial court in reciting the statutory definition of "employer" to the jury. In responding to appellant's objection to this charge after the jury retired, the court stated: ". . . As I read the Code section here, all taxes are hereby made a personal debt of the person. Now, the word 'person' I presume could apply to a person, an individual, or to a corporation either one. The only person required hereunder to file returns and pay taxes is the employer, and the word employer is defined under the Code section that I gave in charge."

While not every erroneous instruction to a jury is cause for the grant of a new trial, the erroneous construction of this statute, received by the jury, when viewed in light of the whole charge and the facts of the case (see *Moore v. Green,* 129 Ga. App. 268, 269 (199 SE2d 317) (1973); *Smith v. Castle,* 102 Ga. App. 737, 741 (117 SE2d 623) (1960)), probably prejudiced appellant's case. The jury may have found appellant to be an employer in the sense of one who has control of the business or in the sense of one who has acquired substantially all of the assets of the business under § 54-657 (b) (1) (B) (2). However, appellant could be an employer in either sense without also being the person who was responsible for paying the taxes and filing the returns under § 54-650.2. Consequently, we hold that the trial court committed reversible error in charging the jury with the definition of "employer" and "employing unit" in this case.

We reach this conclusion despite the state's contention that the jury was not incorrectly charged that

the person liable under § 54-650.2 is an "employer" as defined by § 54-657. The state argues that the charge on the definition of "employer" was necessary for the jury to determine whether Ten-Tex was an employer and thus liable for the tax. We believe this argument is without merit. Under the terms of the pre-trial order, it was stipulated by the parties that Ten-Tex Corporation owes $6,814.29 as taxes pursuant to the Employment Security Act. In addition, the pre-trial order establishes that there was only one issue for trial, i.e., whether appellant is liable for those taxes pursuant to § 54-650.2. A new trial is required in which the jury is given a correct instruction on the meaning of this part of the statute.

## IV.

Appellant also contends that the trial court erred when it refused to charge the jury, as requested by appellant, that the person who may be held liable for the unpaid taxes "must be a person who exercises significant control over the finances of the corporation; it must be one who exercises authority over and participates in decisions concerning the disbursement of funds and the payment of creditors; one who exercises significant control over the decision to pay one creditor; one who exercises significant control over the decisions to pay one creditor over another."

"A requested charge should be given only where it embraces a correct and complete principle of law which has not been included in the general instructions given and where the request is pertinent and adjusted to the facts of the case." *Moore v. Green,* 129 Ga. App. 268, 269 (199 SE2d 317) (1973); *Gates v. Southern R. Co.,* 118 Ga. App. 201, 204 (162 SE2d 893) (1968). Appellant's request, as presently worded, is argumentative and unduly repetitious and the trial court did not err in refusing it. However, the substance of the request appears to be relevant to the case. Since much of the evidence dealt with appellant's corporate manipulations and control of Ten-Tex's assets, it would be appropriate for the trial court to focus the jury's inquiry, not on appellant's proprietary interests, but rather on his control of the corporation's finances.

## V.

Finally, appellant contends that the trial court committed reversible error when it charged the jury the provisions of § 54-602, which is the declaration of public policy with regard to the compulsory payment of employment security taxes. Appellant argues that the effect of this charge was to prejudice his case by overemphasizing the state's interest in assuring stable economic conditions through collection of the tax.

On the face of it, this charge did not address any specific issue in the case for the jury's determination. However, the mere fact that the charge on this statute was not relevant to the issue for decision, is not, of itself, grounds for reversal. See *Thompson v. Mitchell,* 192 Ga. 750 (2) (16 SE2d 540) (1971); and *Central of Georgia R. Co. v. Sellers,* 129 Ga. App. 811, 816 (201 SE2d 485) (1973), dealing with charges on irrelevant portions of statutes. The trial court's charge to the jury on the provisions of this statute, when viewed separately, or in light of the whole charge, was not inflammatory and we do not believe it prejudiced appellant's case. Appellant has advanced no persuasive argument why it was harmful and, under the circumstances of this case the error, if any, was harmless.

The trial court's judgment dismissing the affidavit of illegality will be reversed because a new trial must be granted for the reasons given in Division III of this opinion. However, the rulings of the trial court on the other issues raised by appellant's enumeration of errors are affirmed as being correct.

*Judgment reversed. All the Justices concur, except Jordan, J., who dissents.*

SUBMITTED JANUARY 17, 1975 — DECIDED MAY 13, 1975.

*Nall, Miller & Cadenhead, Robert B. Hocutt,* for appellant.

*Sam McCutchen, Assistant General Counsel, Arthur K. Bolton, Attorney General, Wayne P. Yancey, Assistant Attorney General,* for appellee.