45934. SEABOARD COAST LINE RAILROAD COMPANY et al. v. HARRIS.

Submitted February 3, 1971—Decided June 8, 1971—
Rehearing denied June 24, 1971.

128

*Nightingale, Liles & Dennard, B. N. Nightingale,* for appellants.
*Harrison & Laseter, Leon A. Wilson, II,* for appellee.

EBERHARDT, Judge. ■ ■ Appellant urges that the evidence did not authorize the verdict, and that the plaintiff failed to carry her

burden of proving the negligence charged by a preponderance of the evidence. There is conflict in much of the testimony, and a verdict for the defendant railroad would have been authorized if the jury had viewed the evidence as requiring such a verdict from them in the performance of their duty. But the fact that the record may indicate that the evidence preponderated in favor of the losing party is not a sufficient basis, on appeal, to set the verdict aside. The trial judge had the power to set the verdict aside if he did not think it authorized by the evidence, but it comes to us with his stamp of approval. There is evidence in the record which, if believed by the jury, authorized the verdict for the plaintiff. It was for them to pass upon the credibility and the weight to be given the evidence and all of its portions. The general grounds are without merit. Unless some error of law appears, we must affirm. *Middleton v. Waters,* 205 Ga. 847 (5) (55 SE2d 359).

◼ Appellant contends that since a verdict was returned against the railroad only, and the engineer, with whose negligence it was charged, was exonerated, the verdict cannot stand. This position would be sound and would require a reversal if *all* of the negligence charged against the railroad had been attributable to action or lack of action by its servant, the engineer. *Southern R. Co. v. Harbin,* 135 Ga. 122 (68 SE 1103, 30 LRA (NS) 404, 21 AC 1011). But the engineer was not charged with the railroad's failure to maintain the crossing, or its right of way, or to provide proper warning devices or signals at the crossing, nor does it appear that these were within the scope of his duties. Consequently, the exoneration of the engineer exonerated the railroad only as to those acts of negligence which were charged against it because of the actions or the failure to act in specified particulars by him under the doctrine of respondeat superior. *Southern R. Co. v. Garland,* 76 Ga. App. 729, 741 (47 SE2d 93). This contention is, therefore, without merit.

◼ Appellant enumerates as error the admission of a certified copy of what purported to be minutes of a meeting of the Mayor and Council of the City of Kingsland including an ordinance limiting the speed of trains within its limits to 15 miles per hour, on the ground that if affirmatively appeared from the minutes of the mayor and council that the ordinance was not lawfully adopted.

The minutes introduced show that "Councilman Peeples made motion, seconded by Councilman Brown, for the maximum speed of trains through the City of Kingsland to be 15 miles per hour. Councilman Brown made motion, seconded by Councilman Peeples, for all trains not to block crossings of U. S. 17 no longer than 5 minutes and all other crossings 10 minutes. The city clerk was instructed to write Mr. J. H. Hester, Superintendent, Seaboard Railroad Company, pertaining to these ordinances." Whether a vote was taken on the motions does not appear.

It is elemental that an ordinance is not lawfully adopted until and unless it has received the requisite majority of votes after proposal in a meeting of the governing body of the city. *Western & A. R. v. Swigert,* 57 Ga. App. 274, 275 (195 SE 230). If other formalities are required by the charter or by statute, it must appear that these have been fully complied with. *City of Cartersville v. McGinnis,* 142 Ga. 71 (82 SE 487, AC 1915D 1067). If the minutes of the council meeting had recited that the ordinance had been "passed" or that it had received the requisite vote, there would be a presumption that all statutory requisites had been met, and one attacking the ordinance would have the burden of showing to the contrary. *City of Cartersville v. McGinnis,* 142 Ga. 71, supra; *Atlantic Co. v. Jones,* 86 Ga. App. 515 (71 SE2d 824). However, there is no such recital in these minutes—they show no more than a formal introduction of the proposed ordinance at a council meeting. We all know that multitudes of laws and ordinances are introduced before legislative bodies which never come to a vote and hence are never passed or adopted. No presumption of adoption can arise, therefore, from its mere introduction. "A copy of an alleged city ordinance accompanied by the certificate of the clerk that it is taken from the book of ordinances of the city is inadmissible in evidence when unaccompanied by an exemplification of an adopting resolution, pertinent portions of the corporate minutes, or other like matter showing that either the ordinance itself, or the book of ordinances from which it was taken, *was in fact adopted* by the city." (Emphasis supplied). *City of Dalton v. Cochran,* 80 Ga. App. 252 (3) (55 SE2d 907). Accord, *Western & A. R. v. Peterson,* 168 Ga. 259 (147 SE 513).

Admission of this ordinance was clearly error. However, since it

appears that by its verdict the jury exonerated the engineer, and thus the railroad, of all charges of improper or unlawful speed in the operation of the train, the error was harmless, and will not work a reversal here.

■ The court charged, relative to the railroad's duty to maintain the crossing, the language of *Code* § 94-504, and later included a paraphrasing of the ·Code section. Appellant enumerates error, asserting that this gave undue emphasis to the matter. While it is better to avoid unnecessary repetition of matters in a charge we cannot say that what was done here was calculated to confuse or to influence the jury unduly.

■ For the same reason we have held harmless the admission of the ordinance limiting the speed of trains into evidence, we find the charge relative thereto to be likewise harmless.

■ The court charged the provisions of *Code* § 38-119 relative to the presumption arising from failure to produce evidence within the possession or control of a party, and appellant enumerates this as error. We agree with the many cases which have cautioned as to the manner in which this Code section should be referred to in a charge, but since the court did not refer to either party, and thus charged it as an abstract proposition which might apply equally to either party, we do not think it requires a new trial. See the discussion of this matter in *Cotton States Fertilizer Co. v. Childs,* 179 Ga. 23 (174 SE 708).

*Judgment affirmed. Hall, P. J., and Whitman, J., concur.*