## 50416. SANDERS et al. v. GRIFFIN et al.

EVANS, Judge.

Lamar Griffin was the owner of a family pleasure boat operated on the waters of Lake Sinclair in Putnam County, Georgia. The boat was being operated on July 16, 1967, by Griffin's married daughter, Becky Griffin McMichael, with his 10-year-old son, among others, as a passenger. Mr. Griffin was not in the boat at the moment, but was visiting on shore. The boat was being used for water skiing. Mr. and Mrs. Barry Lee Sanders were skiing behind the boat when Mrs. Sanders (Roslyn McMichael) fell off the skis into the water. Griffin's daughter turned the boat around and ran over her with the boat, causing injuries from which Mrs. Sanders died almost immediately.

Mrs. Sanders' daughter, Donna Lee, age 3, at the time of her mother's death, by next friend, and her father, Barry Lee Sanders, sued Lamar Griffin and Becky Griffin McMichael for the wrongful death of their mother and wife, respectively.

Griffin was dimissed from the case by directed verdict because the court was of the opinion that the family purpose doctrine did not apply; and the jury rendered a judgment for the other defendant. A motion for new trial was denied, and plaintiffs appeal. *Held:*

1. Appellants' amended motion for new trial complains of the refusal of the trial court to charge her written request to the effect that although plaintiff had alleged several negligent acts against defendant, plaintiff was entitled to recover upon proof of one of such negligent acts, and that such act was the proximate cause of the injuries. Proper objection was made to such failure at the conclusion of the charge, and we hold such failure to be reversible error. See *Collier v. Pollard,* 60 Ga. App. 105, 109 (2 SE2d 821); *Chandler v. Pollard,* 64 Ga. App. 122 (1) (12 SE2d 190).

2. The amended motion complained of the trial court's charge on "accident," and at the conclusion of the charge, plaintiffs made proper objection that accident was neither pleaded nor proven in the case. We hold that such charge constitutes reversible error, under the

circumstances of this case. *Morrow v. Southeastern Stages,* 68 Ga. App. 142 (1) (22 SE2d 336); *Royal Cab Co. v. Hendrix,* 96 Ga. App. 44 (2), 47 (99 SE2d 355).

3. The error enumerated that the charge unduly stressed the question of comparative negligence is not meritorious. We do not find that the court made the charge more favorable to the defendant as was done in *Wilson v. Harrell,* 87 Ga. App. 793, 804 (10) (75 SE2d 436).

4. The trial court erred in directing a verdict against the plaintiff as to the defendant, Lamar Griffin, the owner of the boat.

"The family-purpose doctrine as applied by this court to automobiles is applicable as well to boats." *Stewart v. Stephens,* 225 Ga. 185 (166 SE2d 890). That case is almost identical on its facts to the case sub judice. The only difference is that here the father was not in the boat at the time, but was on shore, within view and hearing of the activities, and the boat was being operated by his married daughter. The father testified that the boat was purchased for the pleasure of himself and family and at the time of the homicide it was being used for that purpose. At the time of the homicide the 10-year-old son of the owner was a passenger in the boat. Clearly under the facts of this case the boat was being used for the convenience and pleasure of the owner and his family, and the daughter was his agent in using the boat, even though she was married, and living apart from the owner's household. See *Watson v. Brown,* 126 Ga. App. 69, 71 (189 SE2d 903); *Ferguson v. Gurley,* 218 Ga. 276 (127 SE2d 462); *Danner v. Freeman,* 121 Ga. App. 393 (174 SE2d 194). The court erred in directing the verdict against the plaintiff as to the father defendant, Lamar Griffin.

The case of *Seaboard C. L. R. Co. v. Harris,* 124 Ga. App. 126 (1b) (182 SE2d 915), at page 129, supports the ruling here for there was not only direct evidence of negligence of the master for the acts of the servant, but negligent entrustment to an incompetent driver. Further, in this case, the jury exonerated the servant after the master was no longer a party, having been dismissed from the case, not because his daughter was not negligent, but because the court erroneously held the family purpose doctrine did not apply to boats, which is an entirely

different situation than that in the *Harris* case, supra.

5. In view of the foregoing, the judgment of the trial court is reversed, and it is ordered that a new trial be granted as to both defendants.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

ARGUED FEBRUARY 26, 1975 — DECIDED APRIL 30, 1975.

*Eva L. Sloan*, for appellants.
*Neely, Freeman & Hawkins, William G. Tabb, III*, for appellees.

