## 51646. GEORGIA POWER COMPANY v. REDMAN.

DEEN, Presiding Judge.

1. The condemnor appeals from a verdict of $11,930 awarded for the taking of an easement in 10.51 acres of land in Butts County for power lines. Nine lines one and a half inches in diameter and carrying a half million volts

are involved and there was a great deal of testimony relating to consequential damages to the remaining 160 acres of land. Value estimates of the condemnor hovered around $3,000; those of the condemnee ranged between $24,000 and a figure over double that amount. The verdict was within the range of the evidence and supported by inferences from it. *State Hwy. Dept. v. Thompson,* 105 Ga. App. 738 (125 SE2d 537).

2. During voir dire examination, counsel for the condemnor moved for a mistrial, continuance or jury panel disqualification on the ground that opposing counsel informed the court in the presence of the jury that he had taken the case on a contingent fee basis. The objection stated "that means [if] he doesn't recover anything, and the jury is bound to know it, he doesn't get a fee." The motions were overruled, the court instructing the jurors: "In a case such as the one being tried the Jury will be called upon to make some award in some amount for the property owner. And you would not let the fact that the attorney representing the property owner has a contingent fee have any bearing on whatever the verdict you would reach. Your oath as a juror, your obligation as a juror, would require you to make up your mind and make your verdict based on the evidence adduced. . . You will not let the fact an attorney had a financial interest in the outcome of the case have any bearing on whatever verdict you might reach. As I say, your verdict should be confined to what the evidence is."

Cases reversing verdicts because a remark addressed to the judge might have been overheard by the jury are few and far between. None in point has been cited to us. In *Thompson v. O'Connor,* 115 Ga. 120, 122 (41 SE 242) it was observed: "Under certain circumstances, improper remarks of counsel made in the hearing of prospective jurors might render it necessary for the trial judge, in order to assure a fair trial, to discard the panels. . . " The remark to the trial judge was not improper. *Crockett v. McLendon,* 73 Ga. 85 (2). If the jurors heard it, and if they would have understood it had not the objector interpolated an explanation, and if it could in any particular have otherwise endangered a fair trial, we feel that the cautionary procedures followed were sufficient.

The court did not abuse his discretion in refusing, after instruction, to call a new jury panel. '

3. Although not transcribed, it appears that during the concluding argument counsel for the condemnee referred to the Georgia Power Company as "a big financial institution" and to "the mammoth Georgia Power Company." Language which, by emphasizing the financial disparity of the parties, tends to prejudice jury deliberations has been held reversible. See *John J. Woodside Storage Co. v. Reese,* 105 Ga. App. 602, 604 (125 SE2d 556); *Lanier v. Lee,* 111 Ga. App. 876, 878 (143 SE2d 487). It is not always, however, ground for a mistrial. In *McCluskey v. American Oil Co.,* 225 Ga. 63 (165 SE2d 830) a lengthy concluding argument summed up: "[H]ow much should this mother be compensated for the death of this child? [T]here is no doubt. . . that there is ability to pay. . . In this case you don't [have to worry] because American Oil Company has assets untold. . ." This court held the language to be reversible error. The Supreme Court reversed, citing. a long line of cases, laying its reason not on the ground that the language was not improper, which it was, but on the broad discretion of the trial court, and the corrective action taken. Here the jury was instructed to disregard the language, and not to consider it for any purpose whatever. See also *Bostick v. Usry,* 221 Ga. 647 (146 SE2d 882). No reversible error appears.

4. We agree that an affidavit of counsel executed after the case had been tried is not properly in the record, and we do not consider it. The last enumeration of error refers to overruling of an objection to a part of the closing argument as follows: "It's highly improper for counsel to ask the jurors to inject themselves and project themselves in place of party litigant." The court sustained the objection, instructed the jury to disregard that line of argument, and cautioned counsel to be more careful in his choice of words. Again, it does not appear that the cautionary instructions were insufficient.

*Judgment affirmed. Quillian and Webb, JJ., concur.*

Argued January 15, 1976 — Decided January 29, 1976.

*Jones, Cork, Miller & Benton, Wallace Miller, Jr.,* for appellant.

*Alfred D. Fears, Byrd, Groover & Buford, Denmark Groover, Jr., Harvey J. Kennedy, Jr.,* for appellee.