59539. BODGE v. SALESWORLD, INC. et al.

BANKE, Judge.

Appellant sued Salesworld, Inc., for damages alleging malicious and wrongful interference with his employment with the DICO Corporation. DICO was joined by Salesworld as a third party defendant. Salesworld is an organization which specializes in

locating applicants to fill sales positions for businesses in need of such personnel and when successful receives a fee for the service from the employer. Appellant was hired by DICO, but whether this was as a result of Salesworld's efforts and whether DICO owed a fee to Salesworld are disputed questions. Salesworld's fee schedule, communicated to DICO, specified a fee of $3,240 and also specified that all fees were refundable unconditionally if the employee left voluntarily or was discharged within 30 days of employment. A representative of DICO testified that a Salesworld representative informed him "that we could keep Mr. Bodge in our employ and pay the fee or terminate Mr. Bodge or failing either one of those two, there would be legal proceedings . . . " Negotiations were then underway for the sale of DICO; and apparently rather than become involved in a lawsuit, the company fired appellant with less than 30 days on the job. This appeal is from a directed verdict for appellees. *Held:*

This state recognizes a cause of action where one maliciously and wrongfully, and with intent to injure, harms the business of another. *Dale v. City Plumbing &c. Co.,* 112 Ga. App. 723 (2) (146 SE2d 349) (1965). "The act is malicious when the thing done is with the knowledge of the plaintiff's rights, and with the intent to interfere therewith." *Employing Printers Club v. Doctor Blosser Co.,* 122 Ga. 509, 519 (50 SE 353) (1905). "The essential thing is the intent to cause the result. If the actor does not have this intent, his conduct does not subject him to liability under this rule even if it has the unintended effect of deterring the third person from dealing with the other." Restatement, Second, Torts § 766, p. 11, h.

"A verdict should not be directed unless there is no issue of fact, or unless the proved facts viewed from all possible legal points of view, sustain no other findings than that directed." *Twisdale v. Ga. R. Bank & Trust Co.,* 129 Ga. App. 18, 19 (198 SE2d 396) (1973). While Salesworld argues that it gained nothing by the appellant's termination and, therefore, that no unlawful purpose was involved, a jury might find that this very absence of financial benefit points to a malicious intent. The question is one for the jury, and the trial court's direction of the verdict was error.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

ARGUED MARCH 11, 1980 — DECIDED MARCH 19, 1980.

*Larry K. Janney, William Boyd Lyons,* for appellant.
*Robert E. Shields, Palmer Ansley,* for appellees.