### 59783. BENNETT v. CATON.

MCMURRAY, Presiding Judge.

This case involved an action in two counts, that is, for fraud and deceit and for breach of an express warranty. On July 20, 1979, the case proceeded to trial in which the jury returned a verdict of actual damages, $2,325; punitive damages, $15,000; and attorney fees, $6,234. The judgment followed the verdict on July 24, 1979, and was filed on the same date.

The defendant contends he filed a motion for judgment notwithstanding the verdict and/or new trial on or about August 21, 1979, allegedly served on the plaintiff. Counsel for plaintiff admits that on or about August 21, 1979, he received what purported to be a service copy of a pleading on behalf of defendant entitled "Motion for Judgment Notwithstanding the Verdict or New Trial." On November 12, 1979, the trial court dismissed this motion as not having been timely filed. Thereafter, on December 11, 1979, defendant filed his notice of appeal. *Held:*

1. The motion to dismiss the appeal is denied as the appeal was filed within 30 days of the order dismissing the defendant's motion

for judgment notwithstanding the verdict and/or new trial. See cases cited in Division 2 hereof.

2. Our examination of the record fails to disclose a transcript of the trial and proceedings, or the filing of a motion for judgment notwithstanding the verdict and/or new trial as referred to in the motion to dismiss "filed by Plaintiff on September 24, 1979." The trial court held such motion for judgment notwithstanding the verdict and/or new trial was a nullity in that it was not timely filed, which order was dated November 12, 1979.

Because of the status of the case inquiry was made of the clerk of the trial court to determine if the above item (motion for judgment notwithstanding the verdict and/or new trial) was overlooked in the preparation of the record in this case. The clerk of that court has advised by certificate "that the original document entitled, Motion for Judgment Notwithstanding the Verdict or New Trial, the same being evidenced by a copy marked 'Exhibit B' as attached to the original Motion for Sanctions; Supersedeas Bond; and to Dismiss filed on September 24, 1979, has not been filed in this office as of this date [April 16, 1980]." However, both the clerk and the judge's order are considered to speak with verity inasmuch as the judge's order dismissed the so-called "Motion for Judgment Notwithstanding the Verdict or New Trial" as not timely filed. If the motion was filed with the trial judge and never reached the clerk's office we have no way of ascertaining the substance thereof nor can we do other than assume the final judgment of November 12, 1979, correctly speaks the truth that such a motion was not timely filed, that is, within the 30 days after the judgment. Hence, the trial court did not err in holding that it was not timely filed and "is a nullity." Accordingly, there is no merit in the enumerations of error seeking to review ancillary rulings occurring before the trial such as the denial of summary judgment, plea in abatement and for a continuance. The judgment which followed the verdict became final 30 days after its rendition since the notice of appeal was not filed within 30 days after entry of the appealable decision or judgment complained of. Code Ann. § 6-803 (Ga. L. 1965, pp. 18, 21; 1966, pp. 493, 496; 1968, pp. 1072, 1077). See also *Anthony v. Anthony*, 236 Ga. 508, 509 (224 SE2d 349).

While a motion for judgment notwithstanding the verdict and/or a motion for new trial was an available remedy under Code Ann. § 6-702 (Ga. L. 1965, pp. 18, 20; 1966, pp. 493, 494) which defendant might or might not have used to review the judgment here, same must be filed "within 30 days of the entry of the judgment on the verdict." See Code Ann. § 70-301 (Ga. L. 1965, pp. 18, 30; 1973, pp. 159, 167). See also Code Ann. § 81A-150 (b) (Ga. L.

1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248). The trial court did not err in dismissing the motion for judgment notwithstanding the verdict and/or new trial, inasmuch as same had not been filed within 30 days of the final judgment. See *Ruff v. State,* 132 Ga. App. 568 (208 SE2d 581); *Munn v. Kelliam,* 228 Ga. 395 (185 SE2d 766); *Harrison v. Harrison,* 229 Ga. 692 (2) (194 SE2d 87); *Dodson v. Dodson,* 231 Ga. 789 (1) (204 SE2d 109).

The law of the case was established within 30 days of the final judgment where no direct appeal was taken nor the filing of any motion for judgment notwithstanding the verdict or for new trial. All ancillary rulings occurring before the trial which judgment is now the law of the case cannot be considered in review here. See *Anthony v. Anthony,* 236 Ga. 508, 509, supra. Compare *Smith v. Forrester,* 145 Ga. App. 281, 283 (243 SE2d 575).

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED APRIL 16, 1980 — DECIDED MAY 2, 1980.

*Frank G. Smith, John Matteson,* for appellant.
*Richard Decker,* for appellee.