60526. DeKALB COUNTY v. FULTON NATIONAL BANK OF ATLANTA et al.

ARGUED SEPTEMBER 9, 1980 — DECIDED OCTOBER 23, 1980

*George P. Dillard, William F. Rucker,* for appellant.
*W. E. Zachary, Sr., A. Joseph Nardone,* for appellees.

DEEN, Chief Judge.

1. It was held in *Housing Authority of Savannah v. Savannah Iron &c. Works,* 90 Ga. App. 150, 162 (82 SE2d 244) (1954), that allegations of the cost of removal of personal property of a lessee who has been forced to move as a result of eminent domain proceedings may be admitted in evidence as illustrative of the recoverable value of the leasehold estate, although not recoverable as damages per se. That opinion has undoubtedly been modified by *Bowers v. Fulton County,* 221 Ga. 731, 740 (146 SE2d 844) (1966) holding that where it is shown that the condemnee sustained damages and incurred expenses incident to the removal of his business, compensation for the expenses of removing the fixtures to a new location may be awarded. See also *State Hwy. Dept. v. Clark,* 123 Ga. App. 627 (181 SE2d 881) (1971). It follows that in a proper case a lessee forced to move from premises because of eminent domain proceedings may seek moving expenses as a part of just and adequate compensation. And it has been held that a lessee may recover for a partial taking, including the removal of gasoline storage tanks from the land condemned to another part of the same premises. State Road Dept. of Fla. v. Thibaut, 190 S2d 53. It follows that where the lessee Universal Steel, Inc. was the tenant holding an estate for years, having remaining more than a year of the leasehold interest plus an option to purchase which according to the testimony would have been exercised except for the condemnation proceedings, and it was forced to move because the land remaining after the taking was inadequate

for the business purposes (a building situated in the condemned portion of the land was too large to permit removal onto the remaining premises included in the lease); the result of these factors is a total eviction. Accordingly the lessee was entitled to just and adequate compensation, including moving expenses whether the latter be thought of *eo nomine* or as a negative aspect of the leasehold value. In Georgia the "just and adequate" Constitutional provision requires that property be neither *taken* nor *damaged* without just and adequate compensation. A *taking* of the fixtures and inventory of the lessee need not therefore be established, nor does it preclude a recovery either that *all* the leased premises were not taken or that the lessee had not exercised the option to purchase at the time. The question of the extent of damage sustained is for the jury. Evidence as to its nature and extent was properly admitted.

2. Since moving expenses were admissible, the documentary evidence establishing various costs to the condemnee was properly admitted in evidence.

3. The witness Bourne was president and owner of 75 percent of the stock of the lessee corporation, as well as actively managing its affairs. Accordingly, his testimony that the corporation had intended to exercise its option to purchase the property was not inadmissible as a conclusion. *Walker Hall, Inc. v. Fincher,* 120 Ga. App. 193 (1) (169 SE2d 745) (1969).

4. A witness for the condemnee, apropos of a perceived disability to his hand, testified without objection that this resulted from a break-in at his home at a previous time. A motion for mistrial at the conclusion of his somewhat lengthy testimony came too late, but in any event we find no prejudice to have resulted from the remark. The trial court has a large discretion in deciding such motions. *Haley v. Kinney,* 132 Ga. App. 525 (208 SE2d 312) (1974).

5. The sixth enumeration of error in its entirety complains of "the denial of condemnee's motion for new trial as amended on special grounds numbers 4 through 39." Such an enumeration does not meet the requirements of Code § 6-1205 which, although allowing enumerations of error in highly abbreviated notice form, at the very least requires that the subject of the objection be identified. Here the enumeration refers to 35 different excerpts from the charge of the court without identifying them other than by reference to an amendment to a motion for a new trial which is itself neither set out as to subject matter or identified by page reference. Many of these objections refer to a failure to give a requested jury instruction which again is neither set out nor identified by page reference. These grounds are entirely inadequate.

In the interest of absolute fairness we have, however, examined the categories of jury instructions indicated and found no error. Insofar as consequential damages are concerned, it must be remembered that two condemnees were involved here: the owner and also the lessee. The instructions given were correct, are concurred in by the condemnee owner, and are not prejudicial to the condemnor so far as the tenant is concerned. They are in fact substantially in the language of the request.

A request that the jury should be told that condemnee has a duty to minimize damages is irrelevant absent evidence supporting such a rule of law, it having been established that the tenant's building located on the land seized was too large to fit on the remainder of the leased premises.

The court did give adequate instructions on just and adequate compensation, unique value, consequential damages, and on the consideration of evidence relating to moving expenses. The refusal of a requested instruction is not reversible error where the principle of law was in fact elucidated, although in somewhat different language. *Johnson v. Myers,* 118 Ga. App. 773, 775 (165 SE2d 739) (1968).

The instruction given defining consequential damages and their consideration in arriving at the true measure of damages is not erroneous.

6. Lastly, the appellant complains that the court erred in stating: "In determining the amount of compensation, you may consider any increase of value of the property affected as a result of the general knowledge of the condemnation that was about to take place, if you find there was such an increase." Enhancement of market value due to public knowledge of impending improvements may be considered. *Gate City Terminal Co. v. Thrower,* 136 Ga. 456 (3) (71 SE 903) (1911); *DeKalb County v. Queen,* 135 Ga. App. 307 (2), (11) (217 SE2d 624) (1975). That such increase had occurred was amply supported by testimony of various witnesses.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*