38933. BORENSTEIN v. BLUMENFELD.

WELTNER, Justice.

Regina Borenstein was named executrix under the will of her brother, Simon Silbermintz, who died in 1977. Their sister, Fela Blumenfeld, filed a caveat to the will, alleging lack of testamentary capacity and undue influence. The probate court did not admit the will to probate, on the ground of lack of testamentary capacity. From that decision an appeal *de novo* was taken to the superior court.

On the day set for trial the caveatrix attempted to amend her complaint, alleging for the first time, and in general terms, that the will was procured through fraud. The propounder objected, contending, *inter alia,* that the amendment was untimely and that it failed to state with particularity the circumstance constituting fraud.

See OCGA § 9-11-15 (a) (Code Ann. § 81A-115); OCGA § 9-11-9 (b) (Code Ann. § 81A-109). The trial court refused to allow the amendment on the ground that it was too general, in violation of § 9-11-9 (b) (Code Ann. § 81A-109). However, no pretrial order had been entered, and the trial court ruled that the complaint could be amended at any time prior to verdict. At the same time the court offered to the propounder a continuance in order to meet the charges of fraud, which was declined. Subsequently, at the close of her case, the caveatrix offered an amendment alleging fraud with greater specificity, which was allowed.

The jury returned a special verdict against the will, finding fraud and lack of testamentary capacity. The propounder, Regina Borenstein, appeals.

1. The propounder urges that the trial court abused its discretion in allowing the caveatrix to amend by adding a count in fraud at the close of her case, contending that the amendment was untimely and that, as a result, she did not receive notice sufficient to enable her to meet the allegations of fraud.

OCGA § 9-11-15 (a) (Code Ann. § 81A-115) provides: *"Amendments.* A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order. Thereafter the party may amend his pleading only by leave of court or by written consent of the adverse party. . . ." "The reasonable intendment of [OCGA § 9-11-15 (Code Ann. § 81A-115)] . . . is that after the time for a pre-trial conference has passed and neither the court nor the parties have insisted upon the entry of a pre-trial order and no such order is entered, pre-trial proceedings end with the commencement of the trial proper and the taking of evidence. The unfettered right to amend ceases and a party may amend his pleading only by leave of court or by written consent of the adverse party." *McLendon Elec. Co. v. McDonough Constr. Co.,* 145 Ga. App. 137, 140 (243 SE2d 537) (1978).

It appears from the record in this case that the trial court did not undertake to exercise discretion in allowing the caveatrix to add a count in fraud at the close of her case, but rather allowed the amendment as a matter of right, contrary to the ruling in *McLendon Elec. Co.,* supra, of which we approve.

The caveatrix contends that the amendment was authorized by OCGA § 9-11-15 (b) (Code Ann. § 81A-115), relative to amendments offered to conform to the evidence. § 9-11-15 (b) (Code Ann. § 81A-115) applies where issues not raised by the pleadings are tried by express or implied consent of the parties. Here the propounder expressly objected to the addition of the fraud count by amendment. Furthermore, consent to try the issue cannot be implied from the

propounder's failure to object to fraud evidence, where such evidence was also relevant to other issues properly pleaded.

For a detailed analysis of this problem in the federal context, see McKee-Berger-Mansueto, Inc. v. Bd. of Educ. of the City of Chicago, 626 F2d 559, 562-563 (7th Cir. 1980).

Nevertheless, error in this regard does not require reversal, as we conclude that the verdict may stand on the ground of lack of testamentary capacity. See Division 4, infra.

2. The propounder contends that the verdict is fatally inconsistent, as the jury found both fraud and lack of testamentary capacity. The form of the verdict was as follows:

"1. We, the Jury, find in favor of the Will.

"2. We, the Jury, find against the Will, and we find against the Will on the following grounds:

(a) Undue influence

(b) Fraud and deceit

(c) Lack of Testamentary capacity."

The jury struck through sentence 1 and subheading 2(a), thus indicating that they found against the will on the dual grounds of fraud and deceit, and lack of testamentary capacity.

This argument is based upon the proposition that one mentally incompetent to make a will cannot be the subject of fraud. See 94 CJS Wills, § 222, citing Johnston v. Johnston, 57 S 450 (Ala. 1912). This observation is apt to the extent that, once it is determined that the testator lacked testamentary capacity at the time of execution, the will is *ipso facto* invalid, and allegations of fraud or undue influence become immaterial. It does not follow that one mentally incompetent cannot attempt to make a will, or that such an attempt cannot be the result of the fraud of another. Thus it appears that the verdict is not inconsistent.

Furthermore, the propounder made no objection to the form of the verdict after the publication thereof and upon specific inquiry of the trial court, and thereby has waived the right to raise the issue on appeal.[1]

---

[1] This case demonstrates the practical utility of special-verdicts, as authorized by OCGA § 9-11-49 (Code Ann. § 81A-149). Had a general verdict finding only "against the will" been returned, the court would be faced with the question of the adequacy of the fraud evidence, and, assuming it inadequate, whether or not the case would have to be remanded for retrial in view of the uncertainty of the basis for the jury's verdict. Because the trial court submitted a special verdict to the jury, that troublesome potential is obviated. For further discussion relative to the value of special verdicts, see the writer's article in *The Judges' Journal,* Fall, 1978, Vol. 17, No. 4, American Bar Association.

3. The propounder contends that the trial court erred in instructing the jury as to the law of intestate succession, on the ground that such information was immaterial to the jury's decision, and prejudicial to her case. No objection was made to this portion of the charge when the trial court inquired as to objections, and this contention must fail.

4. The propounder contends that there is no evidence to support a verdict against the will on the ground of lack of testamentary capacity. Although the caveatrix produced no direct evidence of incompetency at the very moment of execution, she did produce evidence tending to show that the testator was incompetent on the day of execution, both before and after the time of execution. The propounder contends that this evidence lacked probative value. We conclude that it was sufficient under our holding in *Ware v. Hill,* 209 Ga. 214 (2) (71 SE2d 630) (1952).

5. Inasmuch as there was sufficient evidence to support a finding of lack of testamentary capacity, we are not required to treat the propounder's contentions relative to the sufficiency of the evidence to support a finding of fraud. Notwithstanding, we observe that the record is scant, if not entirely lacking, in anything other than the accusations of the caveatrix.

6. The propounder complains of the following portion of the charge: "I charge you that the time to be looked at in determining capacity of the testator to make a will, in reference to his mental capacity, is the time when the will was executed. However, testimony relating to a reasonable period of time before and after execution of the will may be introduced to show testator's state of mind at time of execution."

The propounder contends that the above is an incomplete statement of the law, and the jury should have been instructed that ". . . where it is sought to establish testamentary incapacity by such evidence, it does not controvert the positive testimony of the subscribing witnesses unless it would be proof of testamentary incapacity at the time the will was signed." *Fehn v. Shaw,* 199 Ga. 747, 754 (35 SE2d 253) (1945). Although accurate, such a statement would have been repetitive of the charge given, and we find no error.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents as to Divisions 4 and 6.*

DECIDED FEBRUARY 8, 1983 —
REHEARING DENIED MARCH 1, 1983.

*Meals & Parks, Robert N. Meals, Jr., Moulton, Carriere, Cavan*

*& Maloof, E. T. Hendon, Jr.,* for appellant.
*Barry L. Katz, Pierre Howard, Jr.,* for appellee.