## 65712. FREEMAN et al. v. ALLSTATE BUSINESS SYSTEMS, INC.

McMURRAY, Presiding Judge.

This action involves a breach of a lease contract with reference to non-payment as to the monthly payments in the lease of a copier and cabinet. The action was originally brought by Allstate Business Systems, Inc. against Jesse L. Freeman.

Freeman answered the complaint contending that Freeman Construction Company, Inc. (of which he was or is president) had leased the copier and otherwise denied the complaint and implied also that Martrac and Company, Inc. was somehow involved. By counterclaim he sought general and punitive damages for the malicious use of process in the filing of an improper lawsuit.

Plaintiff then moved to add Freeman Construction Company, Inc. as an additional party defendant, and in a hearing of this motion and upon an oral motion to add Martrac and Company, Inc., the trial court granted leave to amend the complaint adding these parties as defendants. The action was than amended to add these parties as defendants, who were served and failed to answer.

Plaintiff has sought to take the deposition of the defendant Jesse L. Freeman and after he refused to comply moved for an order to compel discovery pursuant to former Code Ann. § 81A-137 (a) (Ga. L. 1972, pp. 510, 530) (now OCGA § 9-11-37 (a), effective November 1, 1982), that is, to allow the taking of his deposition and that he be required to pay reasonable attorney fees incurred in the obtaining of this order. This motion for an order to compel discovery was based on an affidavit in support thereof, and at a hearing as to same the defendant further failed to appear in court in response to the motion. The plaintiff then moved to strike all defensive pleadings and for judgment against this defendant, and same was granted. This order was dated and filed on July 2, 1982. Thereafter on July 8, 1982, the action being in default by failure of the other two named corporate defendants to answer, judgment was likewise entered against them. Thereafter, the defendants filed a motion for new trial based upon the general grounds, and the same was eventually denied for want of prosecution and as stated by the court in its order "after hearing evidence from plaintiff." Defendants appeal enumerating error in that the trial court failed to hold "that Section 9-11-32 Georgia Civil Practice Act required a new trial," citing in support thereof, *Watson v. Elberton-Elbert County Hosp. Auth.,* 229 Ga. 26 (189 SE2d 66), with respect to the individual defendant, and a new trial should have been granted as to the corporate defendants under the general powers of corporations as set forth in former Code Ann. § 22-202 (Ga.

L. 1968, pp. 565, 573; 1966, pp. 152, 159) (now OCGA § 14-2-21, effective November 1, 1982). *Held:*

The individual defendant's argument that OCGA § 9-11-32 (Code Ann. § 81A-132) with reference to use of depositions in court proceedings and the case of *Watson v. Elberton-Elbert County Hosp. Auth.,* 229 Ga. 26, supra, required the grant of a new trial (apparently under the authority of the exercise of the sound discretion of the trial court) is not meritorious. The second enumeration of error which is an apparent statement that the general corporate powers of a corporation in some way authorizes a new trial to the corporate defendants fails to constitute proper argument in failing to supply a proper reason in support of the contentions of the party. See *Haskins v. Jones,* 142 Ga. App. 153 (1) (235 SE2d 630). As stated therein the defendants have merely stated "what they *feel* the result of the case *should* be but have not supplied the reason."

Accordingly, we hold these enumerations of error are totally unsupported by argument or citation of authority sufficient to set forth why the judgment of the trial court should be reversed. As stated in *Wilkie v. State,* 153 Ga. App. 609, 610 (1) (266 SE2d 289), "except in the most unusual of analytic circumstances a legal contention will not prove itself." Accordingly, we deem the enumerations of error to be without merit under the vague argument made in stating the contentions of the parties defendant without supplying any reason why the trial court should have granted a new trial.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED APRIL 7, 1983.

Jesse L. Freeman, *pro se.*
*Bruce D. Duncan,* for appellee.