## 68972. MIZE v. THE STATE.
(326 SE2d 785)

CARLEY, Judge.

Appellant was tried before a jury and convicted of selling marijuana in violation of the Georgia Controlled Substances Act. He appeals.

1. Appellant enumerates as error the trial court's failure to give a requested charge with reference to the principle that the testimony of an unimpeached witness, where there is no other testimony or evidence in conflict, cannot arbitrarily be disregarded. The requested charge has been held to state a sound principle of law. See *Matthews v. Blanos*, 201 Ga. 549, 567 (40 SE2d 715) (1946). However, it was not authorized by the evidence in the instant case because the testimony of appellant and his witnesses that it was not appellant but another individual who sold marijuana to an undercover police agent was in conflict with other evidence to the contrary. Also, the charge was not authorized by the uncontradicted evidence of appellant's good character, as the principle of law embodied by the charge is not applicable to opinion testimony. See *Chancellor v. State*, 165 Ga. App. 365, 368 (12) (301 SE2d 294) (1983); *Thompson v. City of Atlanta*, 66 Ga. App. 255, 257 (17 SE2d 761) (1941).

2. Appellant asserts that the trial court erred by charging the jury on the law of conspiracy. There was evidence of concert of action between appellant and another individual named John which authorized the giving of the charge. "It is not necessary that another person be indicted with the defendant for conspiracy [cit.], or that the defendant be charged with conspiracy [cit.] to justify a charge on conspiracy. Neither is it necessary to show a preliminary antecedent agreement [cit.], for conspiracy may be shown by circumstantial evidence [cit.] such as conduct which evidences a common design of the participants. [Cit.] Conspiracy is a question for the jury and we have concluded that the evidence of record was sufficient to authorize the charge. [Cit.]" *Simpkins v. State*, 149 Ga. App. 763, 768 (3) (256 SE2d 63) (1979). Compare *Brewer v. State*, 129 Ga. App. 118, 122 (5) (199 SE2d 109) (1973).

3. Appellant lastly enumerates as error the denial of his motion for mistrial. It is undisputed that the results of a polygraph examination of appellant were inconclusive. However, during voir dire of the jury, the Assistant District Attorney indicated that there would be evidence presented at trial of the polygraph examination. Appellant moved for a mistrial, and the trial court ruled that the results of the polygraph would be inadmissible and gave curative instructions, but denied the motion for mistrial.

"The time for making a motion for mistrial is not ripe until the case has begun, and the trial does not begin until the jury has been

impaneled and sworn . . . . A motion for a postponement of the case until new jurors who had not heard the question asked were selected would have been the proper motion here. [Cit.] Since the motion for mistrial was made before the jury was impaneled and sworn, the trial court did not err in overruling it." *Ferguson v. State*, 219 Ga. 33, 35 (131 SE2d 538) (1963).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JANUARY 29, 1985.

*Dan T. Pressley, Sr.*, for appellant.
*V. D. Stockton, District Attorney*, for appellee.